AMOS TRACY *vs.* INHABITANTS OF ROME.

*Where petition under R. S., c. 24, § 13, must be brought.*

One of the kindred of a pauper, assessed and apportioned a certain sum for the support of the pauper, desiring to be released from that obligation, upon the ground that he is not of sufficient ability to pay it, must file his petition under R. S., c. 24, § 13, for a modification of the decree in the county where the same was originally entered.

ON REPORT.

This was a petition by Amos Tracy of Abbott, in this county,

under R. S., c. 24, § 13, for an alteration of the assessment made upon him to relieve his mother under a judgment of this court made upon complaint of the defendants under said chapter, at its December term, 1871, in Somerset county. There was no motion filed to dismiss the petition. At the hearing, the presiding justice was of the opinion that Mr. Tracy was not of sufficient ability to be required to aid further in his mother's support, and decided that nothing more should be exacted of him under said decree of this court and that the same be annulled. The defendants objected to this, contending there was not jurisdiction to vacate the whole decree, and that the petitioner should have made his application to the court sitting in Somerset county; but the presiding justice ruled otherwise. If these rulings were correct, the prayer of the petitioner was to be granted; but if this petition should have been brought in Somerset county, the petitioner was to become nonsuit.

*Henry Hudson* for the petitioner.

Mr. Tracy had a right to seek this relief in his own county; but if not, the objection is waived because not pleaded in abatement. *Sewall* v. *Ridlon*, 5 Maine, 458; *Webb* v. *Goddard*, 46 Maine, 505.

*H. & W. J. Knowlton* for the respondents.

APPLETON, C. J. This is a petition to alter or change the assessment made upon the petitioner to relieve Sally Tracy, his mother, by virtue of a judgment of this court for the county of Somerset, recovered at its December term, 1871. The petitioner is an inhabitant of this county and no motion was made to dismiss the petition.

Upon a hearing of the petition and evidence, the court was of opinion that the petitioner was not of sufficient ability to be required further to aid in the support of his mother under R. S., c. 24, and decreed that he should be entirely absolved from furnishing further aid.

The presiding judge likewise ruled that this process might be

Tracy v. Rome.

brought in the county of Piscataquis notwithstanding the judgment sought to be altered had been recovered in the county of Somerset.

By R. S., c. 24, § 9, the kindred of those chargeable as paupers within certain specified degrees, if "of sufficient ability" are made liable to support persons so chargeable "in proportion to their respective ability."

By § 10 of the same chapter the process to enforce this liability is by complaint to the supreme judicial court in the county, where any of such kindred reside,—and the court may cause such kindred to be summoned and upon a hearing "may assess and apportion a reasonable sum upon such kindred as are found to be of sufficient ability, for the support of the pauper at the time of such assessment and may enforce payment thereof by warrant of distress." By § 12, the court may "assess and apportion upon such kindred a sum for the future support of such pauper to be paid quarterly, until further order."

By § 13 the court may, from time to time, make any further order on complaint of a party interested and after notice given, alter such assessment or apportionment."

The process in this case was to procure an alteration of a previous assessment or apportionment. Under this section the previous assessment or apportionment may be modified as justice may require. The obligation to render aid depends upon the sufficient ability of the party liable. When that ceases, the obligation ceases. The moment the party charged is not of sufficient ability and that fact is made to appear, the kindred so situated should be relieved from all liability, for the basis of judicial action in the premises no longer exists.

The process by complaint under § 13 is for the purpose of making such alteration in the existing record as justice may demand. The language of the section assumes that this complaint must be before the court having jurisdiction of the original complaint. The court may "make any further order." A further order implies a previous order to be modified. The record of the original

decree and of the new decree altering it must be in one and the same county. Such are all the analogies of the law. The petition for review must be heard in the county where the judgment to be reviewed was rendered, and the trial, if a review is granted, must be there had. The writ of error is returnable and is to be tried in the county, where the judgment alleged to be erroneous, was rendered. So here, the judgment or decree to be altered, and the judgment or decree altering the same, must be on the records of the same court and in the same county. There may be numerous kindred and they may each file complaints for the purpose of having alterations of their respective assessments or apportionments. If they could do this in different counties, there might be as many alterations as there are counties, while the original judgment would appear to be in full force in the county where the first complaint was filed. This cannot be. This complaint is not maintainable here.   *Petitioner nonsuit with costs for defendants.*

DICKERSON, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.